ORIGINAL

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2007 APR -3 PM 12: 50

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

1  David S. Kupetz (CA Bar No. 125062)
   Email:dkupetz@sulmeyerlaw.com
2  Marcus A. Tompkins (CA Bar No. 190922)
   Email:mtompkins@sulmeyerlaw.com
3  **SulmeyerKupetz**
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California 90071-1406
5  Telephone: 213.626.2311
   Facsimile: 213.629.4520
6
   Attorneys for Robert A. Russell, an
7  individual, Placer County Land Investors,
   LLC, a California limited liability
8  company, and SVRB Investments, LLC,
   an Arizona limited liability company,
9  Plaintiffs

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

10  07-MC-0038

11

## UNITED STATES DISTRICT COURT

12

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

13

14
15  Robert A. Russell, an individual,
    Placer County Land Investors, LLC,
16  a California limited liability company,
    and SVRB Investments, LLC, an
    Arizona limited liability company
17
        Plaintiffs,
18
    vs.
19
    USA Investment Partners, LLC, a
20  Nevada limited liability company,
21      Defendant.
22

Case No. EDCV07-0343 SGL (JCRx)

[~~Proposed~~] ORDER APPOINTING
TEMPORARY RECEIVER,
TEMPORARY RESTRAINING
ORDER AND OTHER EQUITABLE
RELIEF, AND ORDER TO SHOW
CAUSE WHY A PRELIMINARY
INJUNCTION SHOULD NOT
ISSUE AND A PERMANENT
RECEIVER SHOULD NOT BE
APPOINTED

Date:   [To Be Set]
Time:   [To Be Set]
Place:  3470 Twelfth St., Room 134
        Riverside, CA 92501

23

24                                                  28

25      This matter came before the Court on plaintiffs' "Ex Parte Application for (1)

26  Temporary Receiver, (2) Temporary Restraining Order, (3) Other Equitable Relief,

27  and (4) Order to Show Cause why a Permanent Receiver Should Not be Appointed

28  and a Preliminary Injunction Should Not Issue" (the "Application"). The Court has

1   diversity jurisdiction over this action and venue in this District is appropriate under

2   28 U.S.C. § 1391(a)(2).  Based on the evidence presented, the argument of counsel,

3   the authority submitted, being otherwise fully advised in the matter, and good cause

4   having been shown, the Court hereby finds that:

5   **I.    FINDINGS OF FACT**

6         A.    Defendant, USA Investment Partners, LLC, ("USAIP" or

7   "Defendant") is a limited liability company organized under the laws of the State

8   of Nevada.  The members of USAIP are Thomas A. Hantges ("Hantges") and

9   Joseph D. Milanowski ("Milanowski").  Hantges owns a 57% membership

10  interest in USAIP.  Milanowski owns a 43% membership interest in USAIP.

11  Milanowski is the manager of USAIP.  Hantges and Malinowski are collectively

12  referred to herein as the "Members".

13        B.    The plaintiffs (the 'Plaintiffs") in this action are Placer County Land

14  Investors, LLC ("Placer"), SVRB Investments, LLC ("SVRB"), and Robert A.

15  Russell ("Russell").

16        C.    Russell, an individual, is a resident of the state of Arizona.  Placer is

17  a limited liability company organized under the laws of the state of California.

18  The members of Placer are USAIP, Russell, and Land & Castle Investments, LLC

19  ("L&CI").  USAIP owns an 88% controlling membership interest in Placer.

20  Russell owns a 10% membership interest in Placer.  L&CI owns a 2%

21  membership interest in Placer.  Russell has been the manager of Placer.  On

22  March 20, 2007, Russell received a letter (the "Removal Letter") from USAIP

23  seeking to replace him as manager of Placer with USAIP.

24        D.    SVRB is a limited liability company organized under the laws of the

25  state of Arizona.  The members of SVRB are USAIP and Russell.  USAIP owns a

26  50% membership interest in SVRB.  Russell owns a 50% membership interest in

27  SVRB.  Russell is a manager of SVRB.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1      E.    The primary assets of USAIP are equity interests in entities that own

2  real estate development projects in various stages of development, primarily

3  located in California and substantially located within the judicial district of this

4  Court.

5      F.    Currently, entities affiliated with the members of USAIP are the

6  subject of bankruptcy cases (the "Bankruptcy Cases") pending in the United

7  States Bankruptcy Court for the District of Nevada. These entities include USA

8  Commercial Mortgage Company ("USACM"), USA Capital Realty Advisors,

9  LLC ("USACRA"), USA Securities, LLC ("USAS"), USA Capital First Trust

10  Deed Fund ("First"), and USA Capital Diversified Trust Deed Fund, LLC

11  ("Diversified").

12      G.    On January 3, 2007, the Honorable Linda B. Riegle, United States

13  Bankruptcy Judge in the jointly administered Bankruptcy Cases entered a

14  temporary restraining order with regard to an entity (HMA Sales, LLC) in which

15  USAIP holds a 90% equity interest.

16      H.    Prior to the commencement of the Bankruptcy Cases, USAIP had

17  received financial support in the way of transfers and loans from USACM and

18  some of the related entities that are debtors in the Bankruptcy Cases. Subsequent

19  to the commencement of the Bankruptcy Cases, such support was not provided.

20      I.    Hantges and Milanowski are the subject of an investigation requested

21  by the United States Securities and Exchange Commission (the "SEC") and

22  conducted by the Federal Bureau of Investigation (the "FBI") in connection with

23  the business and operations of USAIP and various related entities.

24      J.    USAIP is controlled by Hantges and Milanowski. The Members

25  have admitted to Plaintiffs that during the pendency of the ongoing investigation

26  by the SEC and/or the FBI relating to their activities, they have been and will

27  continue to be precluded from effectively managing the operations of USAIP.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]

K.    USAIP has substantial liabilities under guarantees of loans made to entities in which USAIP holds a membership interest. USAIP is also obligated to Diversified pursuant to a loan that may amount to as much as $75 million or more. This loan is secured by a general pledge of the membership interests held by USAIP.

L.    USAIP has significant unpaid, delinquent obligations, including those owing to Plaintiffs, and unperformed commitments, including those made to Plaintiffs.

M.    Parties, including Plaintiffs, with claims against USAIP and/or with equity interests in entities in which USAIP also holds an equity interest face imminent and irreparable harm to their opportunity for recovery on their claims and/or equity interests. The assets of USAIP are at risk as long as USAIP remains under the control of the Members.

N.    USAIP is unable to effectively function and the assets of USAIP are diminishing in value as a result of the lack of any party currently in a position to control the direction and operations of USAIP. Loans with respect to real estate development projects owned by entities in which USAIP holds membership interests, including entities in which Plaintiffs also hold membership interests, are delinquent, real property taxes and other obligations owing with respect to such projects are also delinquent.

O.    Various real estate development projects owned by entities in which USAIP owns membership interests, including those in which Plaintiffs also own membership interests, are in need of refinancing.

P.    In its current state, USAIP is unable to obtain refinancing, perform its obligations or meet its commitments to its creditors, including Plaintiffs.

Q.    The Removal Letter received by Placer from USAIP on March 20, 2007, threatens Placer with severe, immediate and irreparable harm. With its

1 Members under criminal investigation, USAIP is not capable of effectively

2 managing Placer.

3     R.    Unless control of USAIP is promptly removed from Milanowski and

4 Hantges, Placer and all other creditors or USAIP and all parties with equity

5 interests in entities owning real estate in which USAIP also holds an equity

6 interest are faced with severe, immediate and irreparable harm.

7     S.    An injunction is necessary to enjoin all but the Court from exercising

8 control of the Property (defined in paragraph 1 below) of the Receivership Estate

9 (defined in paragraph 1 below), and to prevent interference with this Court's

10 exclusive custody over the Property of the Receivership Estate.

11     T.    This Court holds the Property in custodia legis, and based on the

12 common law standards pertinent to Receiverships and Injunctions:

13     a.    any interference with the Court's custody of the Property will

14 result in real, immediate, and irreparable injury;

15     b.    after the Receiver has filed its preliminary report pursuant to

16 paragraph 7 below, the Receiver will be able to demonstrate a

17 reasonable probability of success on the merits with regard to

18 protecting the interests of creditors of USAIP and preserving and

19 protecting the Property;

20     c.    there is no plain, speedy, and adequate remedy at law to preserve

21 the Property and to protect it from waste absent the entry of an

22 Injunction; and

23     d.    An Injunction will protect the Property and will not disserve the

24 public interests.

25     U.    An Equitable Stay is necessary to prevent courts of other jurisdictions

26 from instructing the Receiver without application to this Court.

27     V.    This Court finds that Waverton Group, LLC, a Colorado limited

28 liability company, with offices at 4101 East Louisiana Avenue, Suite 300, Denver,

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Colorado, 80246, is qualified and suitable to be appointed as Receiver for

2  Defendant.

3  **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

4  **II.  APPOINTMENT OF TEMPORARY RECEIVER**

5  1.  Waverton Group, LLC, is appointed Temporary Receiver over

6  Defendant and the assets of Defendant (the "Property"), with such appointment to

7  take effect immediately and to continue, subject to further Order of this Court, for a

8  period no longer than the next Motion Day following the expiration of twenty (20)

9  days after the date of appointment. The Property and the claims against the Property

10  (the "Claims") shall be collectively referred to herein as the "Receivership Estate."

11  2.  Before entering upon its duties, the Temporary Receiver shall be sworn

12  to faithful performance (the "Oath"), a receiver's bond (the "Bond") in the amount of

13  $_____ shall be filed with the Clerk of this Court, and the Temporary Receiver

14  shall be qualified to do business in the State of California.  The Bond shall be

15  maintained until further order of this Court. The Receivership Estate shall bear the

16  expense of purchasing and maintaining the Bond.

17  3.  The Temporary Receiver is hereby directed and empowered to take

18  immediate control of the Property for this Court to hold the Property *in custodia*

19  *legis*.  The Temporary Receiver shall manage and preserve the Property, subject to

20  this Order, further Orders, and Instructions exclusively from this Court, subject to

21  the exclusive supervision and exclusive control of this Court.

22  4.  In the Application and the Declarations submitted therewith, the

23  Plaintiffs have shown good cause that the Court should appoint the Temporary

24  Receiver without notice to creditors and make the appointment temporary under

25  L.R. 66-1.

26  5.  The Court hereby Orders all parties to this Receivership Action and all

27  known creditors of the Defendant to show cause why the appointment of the

28  Temporary Receiver should not be made permanent. The Temporary Receiver is

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213 626 2311 · FAX 213 629 4520

1  instructed to serve a copy of this Order upon all parties to this Receivership Action

2  and all known creditors of the Defendant within twenty (20) days after the date this

3  Order is entered.

4       6.    The Temporary Receiver's appointment hereunder shall continue until

5  the next Motion Day following the expiration of twenty (20) days after the date of

6  entry of this Order ( *April 23* , 2007) at *10* a.m. On the Motion Day,

7  this Court will determine whether the appointment of the Temporary Receiver shall

8  be made permanent.

9       7.    The Temporary Receiver is hereby Instructed to file with this Court

10  and serve upon the parties to this Receivership Action, within twenty (20) days after

11  the date this Order is entered, a preliminary report setting out the identity, location,

12  and value of the Receivership Assets and any liabilities pertaining thereto. Further,

13  at the time the Temporary Receiver makes its preliminary report, the Temporary

14  Receiver shall make recommendations to the Court, including a recommendation

15  whether, based on its preliminary report, the Temporary Receiver should be made

16  permanent. After providing the parties and creditors of USAIP an opportunity to be

17  heard, this Court will determine whether to accept the Temporary Receiver's

18  recommendation.

19  **III.**   **POWERS OF THE TEMPORARY RECEIVER**

20       8.    The Temporary Receiver is hereby given the powers and authority

21  usually held by receivers and reasonably necessary to accomplish the purpose of this

22  Receivership including, without limitation, the specific power to:

23          a.    take immediate control of the Receivership Estate, to the

24          exclusion of all others;

25          b.    take control of the Receivership Estate, and manage and preserve

26          the Receivership Estate as reasonably necessary to maximize the value

27          and prevent diminution of the value of the Receivership Estate;

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 · FAX 213.629.4520

[DSK\LIT\513514.1 3/23/2007 (2 25 PM)]

c.  retain security personnel as necessary to secure the Receivership Estate;

d.  manage, operate, rent, maintain, lease, protect, and otherwise control the Receivership Estate;

e.  collect rents and revenues, income, profits, and other benefits from the operation and management of the Receivership Estate;

f.  pay taxes, insurance, utility charges, rent and other expenses and costs reasonably incurred in managing and preserving the Receivership Estate;

g.  hire, on a contract basis wherever possible, or as employees where required by applicable federal law, the personnel necessary to manage and preserve the Receivership Estate;

h.  contract for and obtain such services, utilities, supplies, equipment, and goods as are reasonably necessary to manage and preserve the Receivership Estate and to make such repairs to the Property as the Temporary Receiver may reasonably deem necessary provided that no contract shall extend beyond the termination of the Receivership without the permission of the Court;

i.  make, enforce, modify, negotiate, and enter into such leases (including equipment leases), contracts and concession agreements as the Temporary Receiver may reasonably deem appropriate to manage and preserve the Receivership Estate provided that no such lease, contract, or agreement shall extend beyond the termination of the Receivership without the permission of the Court;

j.  open, transfer, and change all trade accounts relating to the Receivership Estate, so that all such accounts are in the name of the Receiver;

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

k.   open, transfer and change all bank accounts relating to the Receivership Estate, so that all such accounts are in the name of the Receiver;

l.   close USAIP's bank account or accounts and transfer the funds to a bank account in the name of the Temporary Receiver;

m.   invest the capital of the Receivership Estate, without the permission of the Court, in savings accounts or in securities backed by the full faith and credit of the United States;

n.   obtain and renew all insurance policies that the Temporary Receiver deems reasonably necessary to manage and preserve the Receivership Estate and the interest of the Temporary Receiver and the parties to this action;

o.   enter into contracts for those services reasonably necessary to aid the Temporary Receiver in the administration of the Receivership, including the retention of attorneys and accountants, with all reasonable expenses incurred in connection therewith deemed to be expenses of the Receivership, provided that no such contract shall extend beyond the termination of the Receivership without the permission of the Court;

p.   borrow from the parties and the claimants of USAIP on an unsecured basis and on such other reasonable terms as may be acceptable to the Temporary Receiver, funds to meet the capital needs of the Receivership Estate in excess of the income from the Receivership Estate;

q.   Issue Receiver's Certificates in exchange for funds advanced by the parties, Claimants, or third parties during the term of this receivership, provided that the Temporary Receiver shall give notice to all parties who have entered an appearance in this action and obtain

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   prior approval of this Court. Such receiver's certificates shall be a first

2   and prior lien and a preference claim upon the Estate, or a portion of it

3   at the Temporary Receiver's election;

4   r.    Apply for, obtain, maintain, and renew as reasonably necessary

5   all trademarks, copyrights, patents, licenses, and permits required for

6   the operation of the Receivership Estate. Licenses and permits shall be

7   obtained in the name of USAIP wherever possible, and where not

8   possible, in the name of the Temporary Receiver;

9   s.    institute such legal actions as the Receiver deems reasonably

10  necessary to collect accounts and debts, enforce agreements relating to

11  USAIP and the Receivership Estate, to protect the Property, and to

12  recover possession of the Property or USAIP from persons who may

13  now or in the future be wrongfully possessing or occupying the

14  Property or USAIP, or any part thereof;

15  t.    to take control of any remaining books and records of Defendant

16  (the "Records"); and

17  u.    do such other lawful acts not inconsistent with the Order as the

18  Temporary Receiver reasonably deems necessary to manage and

19  preserve the Receivership Estate and to perform such other functions

20  and duties as may from time to time be required and authorized by this

21  Court, by the laws of the state of California or by the laws of the United

22  States of America.

23  **IV.   TEMPORARY RESTRAINING ORDER**

24  9.    Except as may be expressly authorized by this Court upon notice and a

25  hearing, Plaintiffs, Defendant, and all people, entities, and agencies with actual

26  notice of this Order are enjoined from:

27  b.    collecting the Property, or any proceeds, revenues, accounts,

28  issues, profits or other revenues thereof;

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514 1 3/23/2007 (2.25 PM)]

c.     withdrawing funds from any bank or other depository account belonging to the Receivership Estate;

d.     terminating or causing to be terminated any license, permit, lease contract or agreement relating to the Property;

e.     altering, erasing, or destroying any Records without the prior written consent of the Temporary Receiver;

f.     holding themselves out as, or acting or attempting to take any and all actions of any kind or nature as officers, employees, representatives, or principals of USA Investment Partners, LLC, or the Receivership Estate; and

g.     otherwise interfering with the operation of the Receivership Estate or the Receiver's exercise of any power hereunder or the Temporary Receiver's discharge of his duties.

h.     Upon receipt of a copy of this Order, or upon actual knowledge of the entry of this Order, any other person or business entity shall also be bound by this Paragraph 9.

10.     Except as may be expressly authorized by the Temporary Receiver or by this Court, no person may buy, sell, or otherwise transfer any Property not in the control of the Temporary Receiver.

11.     All actions that purport to seek equitable relief against the Temporary Receiver or the Receivership Estate are hereby stayed regardless of venue or jurisdiction. The Temporary Receiver is instructed to file a Request for an Order to Show Cause with this Court if any business or person files any pleading in any other court seeking equitable relief against the Receiver or the Property without first seeking relief from this stay.

12.     All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, to the extent such actions and proceedings interfere with this Court's exclusive control

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1 over USAIP or any of its Assets, are stayed in their entirety, and all Courts having

2 any jurisdiction thereof are enjoined from taking or permitting any action until

3 further Order of this Court.

4      13.    The stay in this Order does not apply to the assets currently under the

5 control of the Bankruptcy Cases. The Temporary Receiver is instructed to prepare

6 the appropriate pleadings and appear before Judge Riegle in the Bankruptcy Cases

7 for the purpose of requesting Judge Riegle to dissolve the TRO in the Adversary

8 Action to the extent, if any, that it relates to Assets of the Receivership Estate,

9 thereby enabling this Court to complete its jurisdiction over the Assets of the

10 Receivership Estate.

11 **V.**    **TURNOVER OF ASSETS**

12      14.    All persons and entities now or hereafter in possession of Property shall

13 forthwith surrender such control and possession to the Temporary Receiver. Without

14 limiting the generality of the foregoing, Plaintiffs, Defendant, and all persons and

15 entities in active concert and participation with the Plaintiffs and Defendants, shall

16 deliver to the Temporary Receiver all Property within their possession or control,

17 including, but not limited to, tangible assets, the Records, evidence and

18 documentation of intellectual properties owned or controlled by Defendant,

19 computers, hard drives, backup tapes, and all other media for the Defendant

20 computer network, all accounting records of USAIP, bank statements and records,

21 passwords for access, checking account, check registers, copies of paid and unpaid

22 invoices, cancelled checks and all other financial records.

23      15.    All persons having notice of this Order, and having oral or written

24 agreements with USAIP or statutory or regulatory mandates for the supply of goods

25 or services, including without limitation, all computer software, communication and

26 other data services, centralized banking services, payroll services, insurance, utility

27 or other services to USAIP are hereby restrained until further order of this Court

28 from discontinuing, altering, interfering with or terminating the supply of such

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  goods or services as may be required by the Temporary Receiver; and the

2  Temporary Receiver shall be entitled to the continued use of Defendant's current

3  telephone numbers, fax numbers, internet addresses and domain names, provided in

4  each case that the normal prices or charges for all such goods or services received

5  after the entry of this Order shall be paid by the Temporary Receiver in accordance

6  with the ordinary course of business of Defendant and such supplier, or such other

7  practices as may be agreed upon by the Temporary Receiver and the supplier, or as

8  may be ordered by this Court.

9      16.    Subject to the provisions of Section VII below (Document Depository),

10  all attorneys, accountants, engineers, scientists, and other professionals who have

11  represented USAIP, and their representatives, are hereby Ordered to deliver

12  immediately over to the Temporary Receiver all documents, files, and information

13  concerning Defendant and the Property that they have in their possession or control.

14  Any claims for non-payment for services shall be presented as a claim against the

15  Receivership Estate and shall not be used as a defense to turning-over as set forth in

16  this paragraph.

17      17.    All privileges in connection with professional representation of

18  Defendant and the Property shall accrue to the sole benefit of the Temporary

19  Receiver and the Receivership Estate and may only be waived by the Temporary

20  Receiver with the consent of this Court.

21      18.    If the Temporary Receiver determines, after reasonable inquiry that a

22  person or entity is in violation of the Turnover Order within this Order, the

23  Temporary Receiver is Instructed to give written notice thereof to the person or

24  entity violating the Turnover Order, with a copy of this Order attached, demanding

25  turnover of Property.  If the person or entity in possession fails or refuses to turnover

26  the Property after receiving notice, the Temporary Receiver shall file a Request for

27  an Order to Show Cause with this Court.

28

StulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1       19.   Paragraphs 14 through 18 above of this Order comprise a traditional

2   Turnover Order, and as such, are Case Management Orders and not Injunctions.

3   **VI.   DOCUMENT DEPOSITORY**

4       20.   In order to (a) establish a uniform method of identifying documents for

5   use in all proceedings related to this Receivership Action, including the Bankruptcy

6   Cases; (b) to minimize duplication of production efforts requesting and producing

7   parties; (c) to ensure the continued existence of relevant documents; and (d) to

8   reduce the aggregate costs of producing and maintaining documents, the Temporary

9   Receiver is Instructed to establish a depository for documents (the "Document

10   Depository").

11       21.   For the purposes of this Order, the term "Document" shall mean

12   documents directly or indirectly related to this Receivership Action and the

13   Bankruptcy Cases that are in the possession of the Defendant and the Members on

14   the date of this Order, and shall include every tangible object capable of making a

15   truthful statement covered by the definitions of writing, recording, photographs,

16   originals, and duplicate in Rule 1001 of the Federal Rules of Evidence.

17       22.   The Document Depository shall consist of a facility designated by the

18   Temporary Receiver and located within this District under the control of the

19   Temporary Receiver in which all Documents will be stored until further Order of the

20   Court.

21       23.   The Plaintiffs, the Temporary Receiver, and the Members shall

22   designate Documents subject to a claim of privilege, immunity, or confidentiality

23   that are to be placed into the Document Depository under seal (the "Sealed

24   Documents"). The Sealed Documents placed into the Document Depository seal

25   shall only be unsealed pursuant to an Order of this Court.

26       24.   Any Sealed Document placed into the Document Depository and

27   designated by the Members as subject to a direct or joint claim of privilege,

28   immunity, or confidentiality in favor of the Members shall be segregated from all

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213 626.2311 - FAX 213 629.4520

1  other Documents within the Document Depository.  Any person, entity, or agency

2  desiring to inspect these Documents shall do so only after making such request of

3  this Court and giving prior notice to the Temporary Receiver and the Members.

4        25.    If any criminal proceeding is commenced against the Members or the

5  Defendant, any person, entity, or agency requesting permission to inspect the Sealed

6  Documents shall do so only after making such request of this Court and the tribunal

7  with jurisdiction over the criminal proceeding, and after giving prior notice to the

8  Temporary Receiver and the Members of the request to inspect the Sealed

9  Documents.

10  **VII.   JUDICIAL IMMUNITY**

11        26.    In accordance with Local Rule 66-6, the Receiver shall prepare and file

12  with the clerk's office routine reports.

13        27.    The Temporary Receiver shall prepare and file, under oath, a true and

14  complete inventory of the Property within thirty (30) days after the date of this

15  Order, specifically setting forth therein any qualifications, limitations, or restrictions

16  on the inventory as filed.

17        28.    The Temporary Receiver shall enjoy the limited judicial immunity

18  usually applicable to receivers.  All who are acting, or have acted, on behalf of the

19  Temporary Receiver at the request of the Temporary Receiver are protected and

20  privileged with the same limited judicial immunity of this Court as the Temporary

21  Receiver has. In order to avail the agents of the Temporary Receiver with these

22  protections and privileges, the Temporary Receiver should file a notice of the

23  agency with this Court.

24  **VIII.   ORDER TO SHOW CAUSE RE APPOINTMENT OF PERMANENT**

25       **RECEIVER AND RE PRELIMINARY INJUNCTION**

26        29.    Defendant and creditors of Defendant are ordered to show cause, if any,

27  why a Permanent Receiver should not be appointed in this case and that Defendant

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   shall appear at a hearing (the "Show Cause Hearing") before this Court on 4-4-07

2   2007, at 1:30 P.M. in Courtroom #1.

3      ☒ **The United States Courthouse located at** 3470 Twelfth Street,

4         Riverside, California

5      [ ] **The Robal Federal Building and Courthouse located at 255 East**

6   **Temple Street, Los Angeles, California.**

7      It is further ordered that at the Show Cause Hearing, pursuant to Fed. R. Civ.

8   P. 65(b), Defendant and any creditors of Defendant shall show cause, if there is any,

9   why this Court should not enter a Preliminary Injunction, pending final ruling on the

10  Complaint against Defendant, continuing the injunctive relief set forth in this Order.

11     30.    In support of its request for a Preliminary Injunction, Plaintiffs or the

12  Temporary Receiver may submit supplemental evidence discovered subsequent to

13  the filing of the Application for a Temporary Receiver and a TRO, as well as a

14  supplemental memorandum.    Such documents shall be filed and served by no later

15  than 4:00 p.m. on the sixth court day prior to the Show Cause Hearing as scheduled

16  above.  Such documents may be served on the Defendant by faxing or delivering the

17  documents to the attorney for the Defendant.  It is further ordered that Defendant

18  and/or creditors of the Defendant shall file and serve any opposition to the issuance

19  of a Preliminary Injunction and the appointment of a Permanent Receiver, including

20  any declarations, exhibits, memoranda or other evidence on which they may intend

21  to rely, and any objections to any evidence submitted by Plaintiffs or the Receiver,

22  by no later than 4:00 p.m. on the fourth court day prior to the Show Cause Hearing.

23  Such documents may be served by fax upon the Plaintiffs' counsel or by personal

24  delivery.

25     31.    There will be no direct examination of witnesses at the Show Cause

26  Hearing in this matter.  Direct testimony shall be presented in the form of

27  declarations or affidavits.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514 1 3/23/2007 (2 25 PM)]

## IX.   MANAGEMENT OF THE RECEIVERSHIP ESTATE

32.   The Temporary Receiver shall operate the Receivership Estate consistent with this Order, further Orders of this Court, and Instructions from this Court. The Temporary Receiver's primary function is to preserve and protect the Property. To the extent the Temporary Receiver, in its business judgment, believes it is necessary to operate USAIP in order to properly preserve and protect the Property, the Temporary Receiver is hereby authorized to do so.

33.   If the Temporary Receiver intends to operate the Receivership Estate, the Temporary Receiver shall include this decision and its support for this decision in the Temporary Receiver's inventory report as required by paragraph 7 above.

34.   In operating the Receivership Estate, the Temporary Receiver shall not engage in speculation with the Property, nor shall the Temporary Receiver engage in new business ventures.

35.   In situations where the Temporary Receiver believes it is necessary or desirable to liquidate any particular asset, the Temporary Receiver shall first request an Order of this Court approving the sale of the asset. With such approval, the Temporary Receiver shall sell the asset with reasonable dispatch and convert the asset into money, discharge all reasonable expenses, costs, and disbursements in connection with the sale of that asset to the extent possible.

36.   All sales by the Temporary Receiver are in the nature of Judicial Sales, and as such the Temporary Receiver shall follow the common law rules applicable to Judicial Sales in conducting any sale of Property.

37.   No sale of Assets shall be final until confirmed by Order of this Court.

38.   The Temporary Receiver need not obtain prior Court approval to sell or otherwise dispose of any tangible personal Property having a depreciated aggregate value, as reflected on Defendant's books of less than $50,000;

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213 626 2311 • FAX 213.629.4520

39. The Temporary Receiver may conduct a private or public sale, provided that all sales by the Temporary Receiver shall be subject to competitive bid except sales of Property under paragraph 34 above.

40. Any Claimant wishing to bid-in its Claim shall submit an offer specifying the components of the bid within twenty days of the Temporary Receiver's request to this Court to conduct a sale of Property. The Temporary Receiver or any party to this Receivership Action shall file objections to the bid, if any, within fifteen days thereafter.

41. By execution of this Order, the Court terminates the Members' responsibility and authority over the Property. The Members shall reasonably cooperate with the Temporary Receiver in connection with all matters regarding transition, operation of the Receivership Estate, and sale of Property. The Members shall make themselves available to assist the Temporary Receiver during normal business hours, upon reasonable notice, for a period not to exceed thirty days. For this work, the Members shall be compensated as set forth in paragraph 46 below.

42. The Temporary Receiver is hereby authorized to apply the capital of the Receivership Estate and the revenues collected by the Temporary Receiver in connection with the management and operation of the Receivership Estate in the following order of priority:

    a.   First, to pay the cost of the Bond;

    b.   Second, to pay the Temporary Receiver's time charges incurred in connection with this Receivership and to prepay or reimburse the out-of-pocket expenses of the Temporary Receiver; and

    c.   Third, to pay the necessary and reasonable costs of managing and preserving the Receivership Estate, including the fees of the professionals engaged by the Temporary Receiver.

    d.   Fourth, to repay any Receiver's Certificates, with interest as provided for therein.

e.      All funds in possession of the Temporary Receiver after satisfaction of the foregoing obligations shall be invested by the Temporary Receiver and held pending further order of this Court.

43.     The Temporary Receiver's compensation for services under this Order and the Temporary Receiver's reasonable out-of-pocket expenses shall be prepaid or reimbursed pursuant to Waverton Group, LLC's Standard Hourly Rates as previously submitted to this Court.

44.     The Temporary Receiver shall file on at least a quarterly basis an application for approval of the disbursements for professional fees and expenses to himself or others. The Temporary Receiver may pay up to 90% of the professional fees to himself or others and 100% of the expenses on a monthly basis, provided itemized statements are made on a monthly basis and filed under Notice in this Receivership Action.

45.     Any provision of law to the contrary notwithstanding, the Temporary Receiver is the only acting Manager of Defendant until further order of this Court.

46.     The Temporary Receiver is authorized, without breaching the peace and if necessary with the assistance of local peace officers or U.S. Marshals, to enter and secure any premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of Receivership Assets or Records.

47.     The Temporary Receiver shall endeavor to wind up the Receivership expeditiously.

## X.    FEDERAL AND STATE TAX INCOME TAX LIABILITY

48.     USAIP, as a limited liability company, has no direct liability for the payment of federal or state income taxes. That liability falls to the Members.

49.     In order to enable the payment of federal and state income taxes generated by the sale of Property in the form of real estate, the Temporary Receiver shall, within thirty days after the sale of Property in the form of real estate, perform

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  a good-faith calculation of the highest possible taxable income from that sale and

2  pay to the Members from the proceeds of the sale an amount equal to the highest

3  possible taxable income.

4  **XI.**   **EFFECT OF THIS ORDER IN THE EVENT OF APPOINTMENT OF**

5  **PERMANENT RECEIVER**

6       50.    Subject to further orders of this Court, in the event that the Temporary

7  Receiver is appointed as the Permanent Receiver in this action, all terms and

8  provisions of this Order shall continue and remain in full force and effect.

9

10  DATED: _3-27-07_                    _[signature]_

11                                    UNITED STATES DISTRICT COURT JUDGE

12                                    STEPHEN G. LARSON
                                     UNITED STATES DISTRICT JUDGE

13

14  Presented by:

15  **SulmeyerKupetz**
    a Professional Corporation

16

17  By _[signature]_

18       David S. Kupetz
    Attorneys for Robert A. Russell, an individual,

19  Placer County Land Investors, LLC, a California

20  limited liability company, and SVRB Investments,
    LLC, an Arizona limited liability company, Plaintiffs

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406.

On March 23, 2007, I served the following document(s) described as **[PROPOSED] ORDER APPOINTING TEMPORARY RECEIVER, TEMPORARY RESTRAINING ORDER AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND A PERMANENT RECEIVER SHOULD NOT BE APPOINTED** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was 213.629.4520. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address dperez@sulmeyerlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 23, 2007, at Los Angeles, California.

_____
Debbie A. Perez

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213 629 4520

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]

1

1

## SERVICE LIST

2

3    VIA E-MAIL OR ELECTRONIC TRANSMISSION

4    Counsel for USA Investment Partners, LLC,
     Joseph D. Milanowski, and Thomas A. Hantges
5    Russell Walker, Esq.
     Woodbury & Kesler
6    265 East 100 South, Suite 300
     Salt Lake City, Utah 84110-3358
7    Email Address: rwalker@woodburykesler.com

8    Counsel for USA Investment Partners, LLC
     and Joseph D. Milanowski
9    Dough Griffith, Esq.
     Kesler & Rust McIntyre
10   Bldg. 2nd Floor
     68 S. Main Street
11   Salt Lake City, Utah 84101
     Email Address: dgriffith@kessler-rust.com

12

     Counsel for USA Investment Partners, LLC
13   and Joseph D. Milanowski
     Kenneth M. Breen, Esq.
14   Fulbright & Jaworski, LLP
     666 Fifth Avenue, 31st Floor
15   New York, New York 10103-3198
     Email Address: kbreen@fulbright.com

16

     VIA TELECOPIER

17

     Counsel for Thomas A. Hantges
18   David Chesnoff, Esq.
     Chesnoff & Schonfeld, APC
19   520 South Fourth Street
     Las Vegas, Nevada 89101-6593
20   Telephone Number: (702) 384-5563
     Fax Number: (702) 598-1425

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626 2311 · FAX 213.629.4520

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]    2



FILED

2007 MAR 23   PM 12: 44

CLERK U.S. ...
CENTRAL DIST ...
LOS ANGELE...

BY_____

1   David S. Kupetz (CA Bar No. 125062)
    Email:dkupetz@sulmeyerlaw.com
2   Marcus A. Tompkins (CA Bar No. 190922)
    Email:mtompkins@sulmeyerlaw.com
3   **Sulmeyer**Kupetz
    A Professional Corporation
4   333 South Hope Street, Thirty-Fifth Floor
    Los Angeles, California  90071-1406
5   Telephone: 213.626.2311
    Facsimile: 213.629.4520
6
7   Attorneys for Robert A. Russell,
    an individual, Placer County Land
    Investors, LLC, a California limited
8   liability company, and SVRB Investments,
    LLC, an Arizona limited liability
9   company, Plaintiffs

10

11            **UNITED STATES DISTRICT COURT**

12            **CENTRAL DISTRICT OF CALIFORNIA**

13

14
15   Robert A. Russell, an individual,       Case No. ~~CV07 01925~~
     Placer County Land Investors, LLC,            **EDCV07-0343** SGL (JCRx)
16   a California limited liability company,
     and SVRB Investments, LLC, an         **COMPLAINT FOR BREACH OF
17   Arizona limited liability company       ORAL CONTRACT, BREACH OF
                                             IMPLIED-IN-FACT CONTRACT,
18            Plaintiffs,                    BREACH OF FIDUCIARY DUTY,
                                             APPOINTMENT OF A RECEIVER
19        vs.                                AND OTHER EQUITABLE RELIEF**

20   USA Investment Partners, LLC, a
     Nevada limited liability company,
21
              Defendant.
22

23

24

25

26

27

28

[DSK\LIT\513528.1 3/23/2007 (10:03 AM)]

COPY

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   Plaintiffs, Robert A. Russell, an individual, Placer County Land

2   Investors, LLC, a California limited liability company, and SVRB Investments,

3   LLC, an Arizona limited liability company, allege:

4   **JURISDICTION AND VENUE**

5   1.   This Court has jurisdiction over this action pursuant to 28 U.S.C.

6   § 1332(a) as a result of the diversity of citizenship of the parties.

7   2.   Venue in the United States District Court for the Central District

8   of California is proper under 28 U.S.C. § 1391(a)(2).

9   **THE PARTIES**

10   3.   **Plaintiff Placer County Land Investors, LLC** ("Placer"), is a

11   limited liability company organized under the laws of the State of California. The

12   members of Placer are USA Investment Partners, LLC ("USAIP"), Robert A.

13   Russell ("Russell"), and Land & Castle Investments, LLC ("L&CI"). USAIP owns

14   an 88% controlling membership interest in Placer. Russell owns a 10% membership

15   interest in Placer. L&CI owns a 2% membership interest in Placer. Russell has

16   been the manager of Placer. On March 20, 2007, Russell received a letter (the

17   "Removal Letter") from USAIP seeking to replace Russell as manager of Placer

18   with USAIP.

19   4.   **Plaintiff SVRB Investments, LLC** ("SVRB"), is a limited

20   liability company organized under the laws of the State of Arizona. The members

21   of SVRB are USAIP and Russell. USAIP owns a 50% membership interest in

22   SVRB. Russell owns a 50% membership interest in SVRB. Russell is the manager

23   of SVRB.

24   5.   **Plaintiff Robert A. Russell**, an individual, is a resident of the

25   State of Arizona.

26   6.   **Defendant USA Investment Partners, LLC,** is a limited

27   liability company organized under the laws of the State of Nevada. The members of

28   USAIP are Thomas A. Hantges ("Hantges") and Joseph D. Milanowski

1  ("Milanowski"). Hantges owns a 57% membership interest in USAIP. Milanowski

2  owns a 43% membership interest in USAIP. Milanowski is the manager of USAIP.

3  Hantges and Malinowski are collectively referred to herein as the "Members".

### USAIP ENTERPRISE

4

5       7.    The primary assets of USAIP are equity interests in entities that

6  own real estate development projects in various stages of development, primarily

7  located in California and substantially located within the judicial district of this

8  Court.

9       8.    Currently, entities affiliated with the members of USAIP are the

10  subject of bankruptcy cases (the "Bankruptcy Cases") pending in the United States

11  Bankruptcy Court for the District of Nevada. These entities include USA

12  Commercial Mortgage Company ("USACM"), USA Capital Realty Advisors, LLC

13  ("USACRA"), USA Securities, LLC ("USAS"), USA Capital First Trust Deed Fund,

14  ("First"), and USA Capital Diversified Trust Deed Fund, LLC ("Diversified"). Prior

15  to the commencement of the Bankruptcy Cases, USAIP had received financial

16  support in the way of transfers and loans from USACM and some of the related

17  entities that are debtors in the Bankruptcy Cases.

18       9.    The primary assets of USAIP include:

19       A.    USAIP owns a 50% membership interest in Ashby USA,

20  LLC ("Ashby"). Ashby is a limited liability company organized under the laws of

21  the State of California. The manager of Ashby is Ashby Development. Ashby owns

22  real property commonly known as Roripaugh Ranch. Roripaugh Ranch is an

23  approximately 800-acre master planned development with approximately 1,800 lots

24  located in the City of Temecula in southwest Riverside County, California.

25  Plaintiffs understand and believe that the project is fully entitled with construction

26  underway.

27       B.    USAIP owns a 50% membership interest in Capital Land

28  Investors, LLC ("CLI") and Random Development, LLC ("RD"). CLI and RD are

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   limited liability companies organized under the laws of the State of California. The

2   manager of CLI and RD is Jabral Investments, an entity organized under the laws of

3   the State of California. CLI and RD own a real estate project commonly known as

4   Stoneridge. Stoneridge is an approximately 640-acre master planned development

5   with approximately 2,200 lots located in Riverside County, California. The

6   Plaintiffs understand and believe that this project is currently in the entitlement

7   process.

8           C.     USAIP owns a 50% membership interest in Oak Mesa

9   Investors, LLC ("OMI"), and Buffalo Land Development, LLC ("BLD"). The

10   manager of OMI and BLD is Jabral Investments. OMI and BLD own a real estate

11   project commonly known as Oak Valley. Oak Valley is an approximately 1,500-

12   acre master planned development with approximately 3,000 lots located in

13   Calimesa, California.

14           D.     USAIP owns an 88% controlling interest in Placer County

15   Land Investors, LLC, as a non-managing member. Russell is the manager of Placer

16   and owns a 10% membership interest in Placer. Placer owns a real estate project

17   consisting of approximately 325 acres located in Placer County, California. This

18   property is planned for approximately 1,000 residential lots.

19           E.     USAIP owns a 69% membership interest in HMA Sales,

20   LLC ("HMA"). HMA is a limited liability company organized under the laws of the

21   State of Nevada. HMA owned the Royal Hotel, a 228 room hotel located in on

22   approximately 2.5 acres in Las Vegas, Nevada. Plaintiffs understand and believe

23   that the Royal Hotel Property was sold for approximately $29,000,000 pursuant to a

24   transaction that closed in December, 2006.

25           F.     USAIP owns a 55⅔% membership interest in Tanamera

26   Properties, LLC ("Tanamera Properties"), a limited liability company organized

27   under the laws of the State of Nevada. The other members of Tanamera Properties

28   are DDH Financial ("DDH") and B&L Investment ("B&L"). The Manager of

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Tanamera Properties is DDH. Tanamera Properties is an entity that is a holding
2  company for several real estate development entities that own real property located
3  in Nevada.

4     G. USAIP owns a 50% membership interest in Tanamera
5  Residential Group ("Tanamera Homes"). Tanamera Homes is a name used by
6  several entities that operate as a home building company.

7     H. USAIP owns a 70% membership interest in Bundy
8  Canyon Land Development, LLC ("Bundy"). Bundy is a limited liability company
9  organized under the laws of the State of California. Bundy owns approximately 175
10  acres of real property between Murrieta, California and Lake Elsinore, California.

11     I. USAIP owns 100% of the membership interests in USA
12  Investors VI, LLC ("Hotel Zoso"). Hotel Zoso is 165-room hotel property situated
13  on 2.5 acres of leased land at 150 S. Indian Canyon Drive in Palm Springs,
14  California. The Hotel Zoso property is currently under contract for sale. Plaintiffs
15  are informed that, in December, 2006, the debtors in the Bankruptcy Cases filed an
16  involuntary bankruptcy petition against Hotel Zoso.

17     J. USAIP owns a 55% membership interest in Phillips USA,
18  LLC ("Phillips"). The Phillips Development Company, Inc. ("PDC"), owns a 45%
19  membership interest in Phillips. PDC is the manager of Phillips. Plaintiff is
20  informed and believes that Phillips has entered into agreements to purchase
21  approximately 930 acres of real property located adjacent to the Ortega Highway
22  between San Juan Capistrano, California, and Lake Elsinore, California.

23     K. USAIP owns a 50% membership interest in Opaque Land
24  Development, LLC ("Opaque"). Unlimited Holdings, Inc. ("Unlimited"), owns the
25  other 50% membership interest in Opaque. Unlimited is the managing member of
26  Opaque. Opaque owns approximately 15 acres of commercial zoned real property
27  located in southwest Las Vegas, Nevada.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA, 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1         L.     USAIP owns a 50% membership interest in Cornman-

2  Toltec, LLC ("Cornman").  Unlimited holds the other 50% membership interest in

3  Cornman.  Unlimited is the managing member of Cornman.  Cornman owns 160

4  acres of residential real property located in Casa Grande, Arizona.

5         M.     USAIP owns a 50% membership interest in SVRB.

6  SVRB owns approximately 24 acres of real property zoned for commercial-

7  industrial use in the south part of Albuquerque, New Mexico.

8         N.     USAIP owns 100% of the membership interests in Tree

9  Moss, LLC ("Tree").  Tree is a limited liability company organized under the laws

10  of the State of California.  Tree owns a 101-room condominium project located on

11  approximately 2.5 acres of leased real property at 140 S. Calle Encilia in Palm

12  Springs, California.  Plaintiffs are informed and believe that Tree entered into a

13  Sales, Marketing, and Commission Agreement with a third-party to sell 63 units that

14  it owns at the condominium project.  Thereafter, the debtors in the Bankruptcy

15  Cases filed an involuntary bankruptcy petition against Tree in or about December

16  2006.

17         O.     USAIP owns a 50% membership interest in Colt Gateway,

18  LLC ("Colt").  The manager of Colt is America Holdings, Inc.  Colt owns real

19  property consisting of approximately 17 acres located in Hartford, Connecticut,

20  where the former Colt Arms Manufacturing Plan was located.

21         P.     USAIP owns a 50% membership interest in Happy Valley,

22  LLC ("Happy").  Happy owns approximately 2 acres of real property located in

23  Palm Springs, California.

24         Q.     USAIP owns 100% of the membership interests in

25  Haspinov, LLC ("Haspinov").  Haspinov owns real property located in Las Vegas,

26  Nevada, upon which is situated on approximately 10,000 square foot office building

27  leased to USACM.

28

1    R.    Plaintiffs are informed and believe that USAIP may hold

2 equity or other interests in various entities not identified above owning real property

3 and/or other assets.

4    **EXTREME AND EXTRAORDINARY CIRCUMSTANCES**

5    10.    Hantges and Milanowski are the subject of an investigation

6 requested by the United States Securities and Exchange Commission (the "SEC")

7 and conducted by the Federal Bureau of Investigation (the "FBI") in connection

8 with the business and operations of USAIP and various related entities.

9    11.    USAIP has substantial liabilities under guarantees of loans made

10 to entities in which USAIP holds a membership interest.  USAIP is also obligated to

11 Diversified pursuant to a loan that may amount to as much as $75 million or more.

12 This loan is secured by a general pledge of the membership interests held by

13 USAIP.

14    12.    Over the course of several years, the bulk of the capitalization for

15 USAIP was provided by contributions from USACM.  In May, 2006, to the

16 detriment of other creditors of USAIP, including Plaintiffs, USAIP executed a

17 promissory note in favor of USACM and entered a Security Agreement with

18 USACM granting a security interest in a substantial portion of its assets to secure

19 repayment of the promissory note.  The amount of this secured claim is in excess of

20 $58,000,000.

21    13.    USAIP is controlled by Hantges and Milanowski.  The Members

22 have admitted to Plaintiffs that during the pendency of the ongoing investigation by

23 the SEC and/or the FBI relating to their activities, they have been and will continue

24 to be precluded from effectively managing the operations of USAIP.  Plaintiffs

25 understand and believe that the investigation is ongoing.

26    14.    On December 25, 2006, in the adversary proceeding titled USA

27 Commercial Mortgage Company v. HMA Sales, LLC, Adversary No. 06-01256-

28 LBR (the "Adversary Action"), brought in the United States Bankruptcy Court for

Sulmeyer Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH-FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  the District of Nevada related to the Bankruptcy Cases jointly administered under

2  Case No. BK-S-06-10725 LBR, and pending in United States Bankruptcy Court for

3  the District of Nevada, Las Vegas Division, the plaintiffs in the Adversary Action

4  filed their Complaint for, inter alia, a Temporary Restraining Order ("TRO")

5  relating to assets of USAIP, and for the appointment of a receiver for an entity

6  (HMA Sales, LLC) 90% owned by USAIP.

7       15.    On January 3, 2007, the Honorable Linda B. Riegle, United

8  States Bankruptcy Judge in the jointly administered Bankruptcy Cases entered the

9  TRO. Plaintiffs are informed and believe that the TRO remains in effect.

10       16.    In their Fifth Claim for Relief contained in the complaint

11  commencing the Adversary Action, the debtors in the Bankruptcy Cases requested

12  the appointment of a receiver for a subsidiary of USAIP. Such relief could not be

13  Ordered by Bankruptcy Judge Riegle since 11 U.S.C. § 105(b) provides that "a court

14  may not appoint a receiver in a case under this title [the Bankruptcy Code]."

15       17.    USAIP has significant unpaid, delinquent obligations, including

16  those owing to Plaintiffs, and unperformed commitments, including those made to

17  Plaintiffs.

18       18.    Parties, including Plaintiffs, with claims against USAIP and/or

19  with equity interests in entities in which USAIP also holds an equity interest face

20  imminent and irreparable harm to their opportunity for recovery on their claims

21  and/or equity interests.

22       19.    The assets of USAIP are at risk as long as USAIP remains under

23  the control of the Members.

24       20.    USAIP is unable to effectively function and the assets of USAIP

25  are diminishing in value as a result of the lack of any party currently in a position to

26  control the direction and operations of USAIP.

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

21.     Loans with respect to real estate development projects owned by entities in which USAIP holds membership interests, including entities in which Plaintiffs also hold membership interests, are delinquent.

22.     The Removal Letter received by Placer from USAIP on March 20, 2007, threatens Placer with severe, immediate and irreparable harm.

23.     With its Members under criminal investigation, USAIP is not capable of effectively managing Placer.

24.     Unless control of USAIP is promptly removed from Milanowski and Hantges, Placer and all other creditors of USAIP are faced with severe, immediate and irreparable harm.

25.     Parties, including Plaintiffs, with claims against USAIP and/or with equity interests in entities in which USAIP also holds an equity interest face imminent and irreparable harm to their opportunity for recovery on their claims and/or equity interests.

26.     The assets of USAIP are at risk as long as USAIP remains under the control of the Members.

27.     Various real estate development projects owned by entities in which USAIP owns membership interests, including those in which Plaintiffs also own membership interests, are in need of refinancing.

28.     Lenders have advised Plaintiffs that they will not provide financing to any entity in which equity interests are held by an entity controlled by the Members.

29.     In its current state, USAIP is unable to perform its obligations or meet its commitments to its creditors, including Plaintiffs.

## USAIP's COMMITMENTS AND OBLIGATIONS TO PLAINTIFFS

30.     USAIP made various commitments, promises and agreements to and with Russell and Placer, which they relied upon, and which USAIP has failed to

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation.
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  fulfill.  In reliance on these promises, beginning in July 2005, Russell devoted no

2  less than two days of my time per week to the Placer Development.

3       31.    USAIP promised to reimburse all of Russell's expenses incurred

4  in connection with the Placer Development.  In reliance on this promise, Russell

5  incurred expenses amounting to more than $20,000 and USAIP has failed to

6  reimburse Russell's expenses.

7       32.    USAIP represented to Placer that it would ensure that the debt

8  secured by the real property owned by Placer would be paid on a current basis and

9  that all ongoing expenses connected with the real property would also be paid by

10  USAIP.  USAIP has failed to fulfill these promises.

11       33.    The debt secured by the real property owed by Placer is in

12  default, real estate taxes secured by the real property amounting to approximately

13  $290,000 are delinquent, and contributions owing to the Master Plan Association

14  (the "Association") of which Placer is a member are delinquent in an amount

15  exceeding $500,000.

16       34.    Placer relied on the promises of USAIP that it would fund all

17  expenses on a current basis relating to the development of the real property owned

18  by Placer in entering into various consulting arrangements with environmental

19  engineers, wetlands engineers, civil engineers, and other consultants needed in order

20  to develop the real property owned by Placer.  USAIP has failed to fund the

21  payments owing by Placer to these consultants and, as a result, the consultants have

22  stopped work on the real property project owned by Placer and the development

23  process has stalled.  This has caused significant damage to Placer and poses an

24  imminent threat to destroy the development process with regard to the real property

25  owned by Placer.

26       35.    The failure of USAIP to meet its commitments has placed Placer

27  in dire financial straits and has left Placer facing imminent and irreparable harm.

28

[DSK\LIT\513528.1 3/23/2007 (10:03 AM)]

36.    Loans secured by the real property owned by Placer are in default, interest is accruing at the default rate,  and foreclosure proceedings may be imminent.

37.    If the real estate taxes owing with regard to the real property owned by Placer are not brought current, the property will be eliminated from the overall 5,000 acre master development plan in which the Placer property is currently a participant.  The County within which the Placer real property is located will not approve any plans if the taxes are not current and if Placer remains delinquent with regard to its contribution owing to the Association, it can be removed from the Association on that basis as well.  If Placer is removed from the Association, then it is virtually assured that any development of the real property owned by Placer will be stalled for a period as long as seven to ten years and that the land will be forced to remain in its current state where it could only be used as farmland.

38.    Having USAIP, under the control of Milanowski and Hantges, as the majority equity holder of Placer has precluded Placer from acquiring any substitute financing that would allow it to address these urgent issues.

39.    Russell has suffered lost profits and other damages as a result of USAIP's failure to fulfill its promises, commitments and obligations and USAIP's breach of its fiduciary obligations with respect to Placer and SVRB in an amount in excess of $5,000,000.

40.    Placer has suffered lost profits and other damages, in an amount in excess of $5,000,000, as a result of USAIP's failure to fulfill its promises, commitments and obligations and USAIP's breach of its fiduciary duty.

41.    SVRB has suffered lost profits and other damages in an amount in excess of $50,000,000 as a result of USAIP's failure to fulfill its promises, commitments and obligations and USAIP's breach of its fiduciary duty.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
·TEL. 213.626.2311 · FAX 213.629.4520

## FIRST CAUSE OF ACTION

### (Breach of Oral Contract re Placer)

42.   Plaintiffs hereby incorporate by reference paragraphs 1 to 41 of the Complaint as though fully set forth herein.

43.   USAIP has breached promises and commitments made to and agreements with Placer. These breaches have resulted in damages, lost profits and additional costs to Placer, in a total sum in excess of $5,000,000.

## SECOND CAUSE OF ACTION

### (Breach of Implied Contract re Placer)

44.   Plaintiffs hereby incorporate by reference paragraphs 1 to 43 of the Complaint as though fully set forth herein.

45.   Based on the facts as set forth above, both Placer on the one side, and USAIP, on the other side, understood and agreed that USAIP was obligated to fund the Placer development, thus creating an implied-in-fact contract between the parties (the "Implied Placer Contract").

46.   USAIP breached the implied Placer Contract. Said breach resulted in damages, lost profits and additional costs to Placer in the total sum in excess of $5,000,000.

## THIRD CAUSE OF ACTION

### (Breach of Oral Contract re SVRB)

47.   Plaintiffs hereby incorporate by reference paragraphs 1 to 46 of the Complaint as though fully set forth herein.

48.   USAIP breached promises and commitments to and agreements with SVRB. These breaches resulted in damages, lost profits and additional costs to SVRB, in a total sum in excess of $5,000,000.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

## FOURTH CAUSE OF ACTION

### (Breach of Implied SVRB Contract)

49.   Plaintiffs hereby incorporate by reference paragraphs 1 to 48 of the Complaint as though fully set forth herein.

50.   Based on the facts as set forth above, both SVRB on the one side, and USAIP, on the other side, understood and agreed that USAIP was obligated to fund the SVRB development, thus creating an implied-in-fact contract between the parties (the "Implied SVRB Contract").

51.   USAIP breached the Implied SVRB Contract.  Said breach resulted in damages, lost profits and additional costs to SVRB in a total sum exceeding $5,000,000.

## FIFTH CAUSE OF ACTION

### (Breach of Oral Contract re Russell)

52.   Plaintiffs hereby incorporate by reference paragraphs 1 to 51 of the Complaint as though fully set forth herein.

53.   USAIP breached promises and commitments to and agreements with Russell.  These breaches results in damages, lost profits and additional costs to Russell in an amount in excess of $5,000,000.

## SIXTH CAUSE OF ACTION

### (Breach of Implied Russell Contract)

54.   Plaintiffs hereby incorporate by reference paragraphs 1 to 53 of the Complaint as though fully set forth herein.

55.   Based on the facts set forth above, both Russell on the one side, and USAIP, on the other side, understood and agreed that USAIP was obligated to fund the development of the Placer and SVRB projects and to reimburse Russell for his expenses incurred in connection with said projects, thus creating an implied-in-contract between the parties (the "Implied Russell Contract").

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

56.   USAIP breached the Implied Russell Contract.  Said breach resulted in damages, lost profits and additional costs to Russell in a total sum exceeding $5,000,000.

## SEVENTH CAUSE OF ACTION

### (Breach of Fiduciary Duty Owed to Placer)

57.   Plaintiffs hereby incorporate by reference paragraphs 1 to 41 of the Complaint as though fully set forth herein.

58.   USAIP owed a fiduciary duty to Placer.  USAIP breached said duty.  As a direct result of USAIP's breach of its fiduciary duty owing to Placer, Placer has suffered lost profits, expenses, and other damages in an amount in excess of $5,000,000.

## EIGHTH CAUSE OF ACTION

### (Breach of Fiduciary Duty Owed to SVRB)

59.   Plaintiffs hereby incorporate by reference paragraphs 1 to 41 of the Complaint as though fully set forth herein.

60.   USAIP owed a fiduciary duty to SVRB.  USAIP breached said duty.  As a direct result of USAIP's breach of its fiduciary duty owing to SVRB, SVRB has suffered lost profits, expenses, and other damages in an amount in excess of $5,000,000.

## NINTH CAUSE OF ACTION

### (Breach of Fiduciary Duty Owed to Russell)

61.   Plaintiffs hereby incorporate by reference paragraphs 1 to 41 of the Complaint as fully set forth herein.

62.   USAIP owed a fiduciary duty to Russell.  USAIP breached said duty.  As a direct result of USAIP's breach of its fiduciary duty owing to Russell,

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 · FAX 213.629.4520

1  Russell has suffered lost profits, expenses, and other damages in an amount in

2  excess of $5,000,000.

### TENTH CAUSE OF ACTION

#### (Appointment of a Receiver and other Injunctive Relief)

5        63.    Plaintiffs hereby incorporate by reference paragraphs 1 to 41 of

6  the Complaint as fully set forth herein.

7        64.    The appointment of a receiver for USAIP is appropriate and

8  necessary to preserve and protect the assets of USAIP and the opportunity for

9  recovery for creditors of USAIP.

10       65.    Injunctive relief connected with the appointment of a receiver for

11  USAIP should be granted in order to protect Plaintiffs and other creditors of USAIP

12  and parties with equity interests in entities in which USAIP also holds an equity

13  interest from real, immediate and irreparable harm to their opportunity for recovery

14  on their claims and/or the preservation and protection of the value of their equity

15  interests.

16       **WHEREFORE,** Plaintiffs pray for judgment against USAIP as

17  follows:

18       1.    For compensatory damages owing to Placer for breach of

19  contract, breach of implied-in-fact contract, and breach of fiduciary duty in the sum

20  of not less than $5,000,000;

21       2.    For compensatory damages owing to SVRB for breach of

22  contract, breach of implied-in-fact contract, and breach of fiduciary duty in the sum

23  of not less than $5,000,000;

24       3.    For compensatory damages owing to Russell for breach of

25  contract, breach of implied-in-fact contract, and breach of fiduciary duty in the sum

26  of not less than $5,000,000;

27       4.    For the appointment of a receiver for USAIP and the granting of

28  associated injunctive relief;

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 · FAX 213.629.4520

5. For interest on compensatory damages as provided by law;

6. For costs of suit, including reasonable attorneys' fees; and

7. For such other and further relief as the Court deems just and proper.

DATED: March 23, 2007

Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation

By: _David S. Kupetz_
David S. Kupetz
Attorneys for Robert A. Russell, an individual, Placer County Land Investors, LLC, a California limited liability company, and SVRB Investments, LLC, an Arizona limited liability company, Plaintiffs

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513528.1 3/23/2007 (10:03 AM)]